En el Tribunal Supremo de Puerto Rico

| EL PUEBLO DE PUERTO RICO<br>    PETICIONARIO<br><br>  .V<br><br>EDGARD I. CALDERON HERNANDEZ<br><br>    RECURRIDO | Certiorari<br><br>TSPR98-64 |
| --- | --- |

Número del Caso: CC-97-0491

Abogados Parte Peticionaria: HON. CARLOS LUGO FIOL
PROCURADOR GENERAL

LCDA. ROSEMARY CORCHADO
PROCURADORA GENERAL AUXILIAR

Abogados Parte Recurrida: LCDO. RAMON DELGADO RODRIGUEZ

Tribunal de Instancia: Superior, Sala de Caguas

Juez del Tribunal de Primera Instancia: Hon. PIERRE VIVONI

Tribunal de Circuito de Apelaciones: CIRCUITO REGIONAL VI

Juez Ponente: Hons. Brau Ramírez, Pesante Martínez y Rivera Pérez

Fecha: 6/29/1998

Materia: ASESINARO EN PRIMER GRADO

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Peticionario

      v.             CC-97-491    Certiorari

Edgar I. Calderón Hernández

    Demandado-Recurrido

PER CURIAM

San Juan, Puerto Rico a 29 de mayo de 1998

## I

Edgar I. Calderón Hernández, fue acusado de cuatro (4) cargos de asesinato en primer grado, tres (3) cargos de secuestro agravado, varias infracciones a la Ley de Armas y violación a la Ley de Protección de Vehículos. Durante el juicio, el Ministerio Público presentó el testimonio del Sr. César Escobar Vázquez, quien alegadamente hizo unas declaraciones que involucraban al acusado y a su abogado, Lcdo. Ramón Delgado Rodríguez, en la comisión de delitos anteriores relacionados con el trasiego de drogas. El acusado Calderón Hernández objetó

la admisión de dicha prueba por ser impertinente y de escaso valor probatorio ante el perjuicio que podría ocasionarle de ser oída por el Jurado. Dicha prueba, inicialmente escuchada por el juez en ausencia del Jurado, fue posteriormente admitida.[1]

Culminados los procedimientos en el Tribunal de Primera Instancia, el jurado rindió veredicto de culpabilidad y se dictó Sentencia. Inconforme, Calderón Hernández apeló al Tribunal de Circuito de Apelaciones y formuló veintiséis (26) errores. El 3 de junio de 1997, dicho foro apelativo emitió resolución (Hons. Brau Ramírez, Pesante Martínez y Rivera Pérez), en la cual concedió treinta (30) días al Procurador General para que compareciera y sometiera un alegato en que se expresara **solamente** en cuanto a los señalamientos de error "C al G" –relacionados con la admisión de prueba de anteriores actos delictivos del acusado donde se involucraba a su abogado en su comisión–.

El referido foro apelativo entendió que procedía atender, en primer lugar, los errores así especificados,

---

[1] Calderón Hernández intentó revisar **ese dictamen** en el Tribunal de Circuito de Apelaciones (KLCE97-00089). Su primer recurso fue desestimado por no acompañar los documentos esenciales para su evaluación.

Posteriormente presentó un segundo recurso (KLCE97-00107) en que se corrigieron muchos de los defectos mencionados. En esa ocasión, dicho foro se negó a intervenir en esa etapa de los procedimientos; la Juez Hon. Pesante Martínez disintió.

Este último dictamen fue objeto de revisión ante este foro y el recurso instado declarado no ha lugar.

pues de prevalecer Calderón Hernández, los demás se tornarían académicos.

El 16 de julio, el Procurador expuso las dificultades de cumplir con el Tribunal, pues no tenía el alegato del apelante donde se argumentan los errores invocados en el escrito de apelación; **no había Exposición Narrativa de la Prueba;** ni contaba con los fundamentos del juez de instancia para admitir la evidencia en cuestión y negarse a disolver el jurado y relevar al abogado de la representación legal del apelante. Aun así el Tribunal de Circuito reiteró su dictamen, y aclaró que el Pueblo debía formular su posición **haciendo referencia a la exposición de hechos y argumentos previamente presentados por Calderón Hernández en sus recursos de <u>certiorari</u> anteriores.** De no estar de acuerdo con la versión presentada por Calderón Hernández, el Procurador General debía examinar e indicar al Tribunal en que aspectos había discrepancia, y dilucidar el conflicto escuchando la grabación de los procedimientos o tomando cualquier otra providencia necesaria.

Por no estar de acuerdo, el Procurador General compareció ante nos. Mediante orden de mostrar causa, revisamos.[2]

---

[2] Como único señalamiento discute:

"Erró el Tribunal de Circuito de Apelaciones al implementar en el presente recurso de apelación criminal un procedimiento fragmentado que se aparta de las disposiciones reglamentarias aplicables a los recursos apelativos ante este foro."

II

Reconocemos que el Tribunal de Circuito de Apelaciones tiene amplia discreción para implantar los trámites necesarios conducentes a agilizar, en lo posible y sin menoscabar derechos de las partes, su más pronta adjudicación.

En situaciones apropiadas se puede prescindir de determinados trámites. Sin embargo, ante una **apelación** esa flexibilidad debe ser prudencial. De ordinario, cuando se señalaron errores en la apreciación y credibilidad de la prueba y su admisibilidad, el derecho de apelación implica que sea perfeccionado mediante la preparación de una Exposición Narrativa de la Prueba y los respectivos alegatos de las partes. En el caso que nos ocupa, el trámite abreviado seguido por el Tribunal de Circuito de Apelaciones no es el más apropiado, a largo plazo puede resultar en una demora mayor. Hay que tener presente que su dictamen basado en un análisis y adjudicación de sólo algunos de los señalamientos de error, está sujeto a revisión discrecional ante este foro. De presentarse dicho recurso, estaríamos obligados a examinar los otros recursos de certiorari para poseer los elementos de juicio adjudicativos necesarios. Existe la probabilidad de tener que ordenar, **en ese momento**, la Exposición Narrativa de la Prueba y discusión de todos los errores en los respectivos escritos.

Lo expuesto nos impide sostener al Tribunal de Circuito. Procede expedir el auto y revocar la Resolución

del 6 de agosto, y en su lugar, ordenar que se realice el trámite regular conducente a lograr una Exposición Narrativa de la Prueba y que se sometan oportunamente los alegatos, a los fines de **evaluar integralmente** la apelación interpuesta.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

      Demandante-Peticionario


          v.                          CC-97-491    Certiorari


Edgar I. Calderón Hernández

      Demandado-Recurrido



                          SENTENCIA



              San Juan, Puerto Rico a 29 de mayo de 1998


        Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se expide el auto y revoca la Resolución del 6 de agosto de 1997, y en su lugar, ordena que se realice el trámite regular conducente a lograr una Exposición Narrativa de la Prueba y que se someta oportunamente los alegatos, a los fines de evaluar integralmente la apelación interpuesta.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre en el resultado sin opinión escrita. El Juez Presidente señor Andréu García no interviene.



                          Isabel Llompart Zeno
                           Secretaria del Tribunal Supremo